UNITED STATES, Appellant

v.

Wilson MEDINA, Gunner's Mate First Class
U.S. Coast Guard, Appellee

No. 13-5002

Crim. App. No. 1325

United States Court of Appeals for the Armed Forces

Argued March 12, 2013

Decided May 2, 2013

RYAN, J., delivered the opinion of the Court, in which BAKER, C.J., ERDMANN and STUCKY, JJ., and COX, S.J., joined.

Counsel

For Appellant:  Lieutenant Commander Vasilios Tasikas (argued).

For Appellee:  Lieutenant Commander Paul R. Casey (argued).


Military Judge:  Gary E. Felicetti

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Judge RYAN delivered the opinion of the Court.

Consistent with his pleas, a military judge sitting as a general court-martial convicted Appellee of one specification of sodomy, in violation of Article 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 925 (2006), and one specification of assault consummated by a battery, in violation of Article 128, UCMJ, 10 U.S.C. § 928. The adjudged sentence provided for confinement for a period of thirteen months, reduction to E-1, and a bad-conduct discharge. The convening authority approved the adjudged sentence and ordered all but the bad-conduct discharge to be executed.

Thereafter, Appellee sought relief before the United States Coast Guard Court of Criminal Appeals (CGCCA), asking the lower court to determine whether he had suffered unreasonable and unexplained post-trial delay, and, if so, to consider the delay in determining the sentence to be approved under Article 66(c), UCMJ, 10 U.S.C. § 866(c). On September 24, 2010, the CGCCA affirmed the findings of guilty, but affirmed only so much of the sentence as provided for confinement for eleven months, reduction to E–2, and a bad-conduct discharge. United States v. Medina, 69 M.J. 637, 641 (C.G. Ct. Crim. App. 2010). On May 23, 2011, this Court vacated the CGCCA's decision and remanded Appellee's case for reconsideration in light of United States v. Hartman, 69 M.J. 467 (C.A.A.F. 2011). United States v. Medina,

70 M.J. 137 (C.A.A.F. 2011) (order vacating the CGCCA's decision and remanding).

On remand, the CGCCA set aside Appellee's Article 125, UCMJ, conviction and authorized the convening authority to select one of the following options: (1) order a rehearing on findings for the sodomy charge and on sentence; (2) if option (1) is "impracticable under the circumstances," order a rehearing on sentence for the Article 128, UCMJ conviction; or (3) if both option (1) and option (2) are impracticable, approve a sentence of no punishment. United States v. Medina, 71 M.J. 652, 655 (C.G. Ct. Crim. App. 2012).

The CGCCA recognized that by "add[ing] an element requiring the [act of sodomy] to be 'prejudicial to good order and discipline,'" the military judge was "clearly attempting to elicit from [Appellee] facts supporting a conclusion that his conduct fell outside of a constitutionally protected liberty interest and the [United States v. Marcum, 60 M.J. 198 (C.A.A.F. 2004),] factors." Medina, 71 M.J. at 653-54. However, because the military judge did not explain to or discuss with Appellee, during the providence inquiry, how these facts placed his consensual sexual act with an adult outside the liberty interest identified in Lawrence v. Texas, 539 U.S. 558 (2003), see

<u>Marcum</u>, 60 M.J. at 206-07, the CGCCA held that Appellee's guilty plea was improvident.[1]  <u>Id.</u>

We agree with the CGCCA's reasoning and affirm its decision, which correctly applied <u>United States v. Hartman</u> in setting aside Appellee's conviction.  Like the case before us, <u>Hartman</u> involved a providence inquiry conducted pursuant to the accused's guilty plea to the offense of consensual sodomy with an adult, in violation of Article 125, UCMJ.

In <u>Hartman</u>, we recognized that the presence of a "<u>Marcum</u> factor" -- a fact separate and apart from the act of sodomy itself -- distinguishes that conduct which may be subject to criminal sanction, and that conduct which is constitutionally protected under <u>Lawrence</u>.  <u>Hartman</u>, 69 M.J. at 468; <u>see also</u> <u>United States v. Wilson</u>, 66 M.J. 39, 41 (C.A.A.F. 2008) ("[A]n

---

[1] On December 20, 2012, the Judge Advocate General of the Coast Guard (TJAG) asked this Court to consider the following issues:

    I.    WHETHER THE COAST GUARD COURT OF CRIMINAL APPEALS ERRED BY APPLYING THE PROVIDENCE INQUIRY REQUIREMENTS OF <u>HARTMAN</u> IN A CASE WHERE THE FACTS ELICITED DURING THE PROVIDENCE INQUIRY REVEALED THAT THE SEXUAL ACTIVITY FELL OUTSIDE OF THE CONSTITUTIONAL PROTECTIONS BOUNDED BY <u>LAWRENCE v. TEXAS</u> BECAUSE IT INVOLVED A RECENT, PRIOR TRAINER-TRAINEE RELATIONSHIP.

    II.    ASSUMING A <u>HARTMAN</u> INQUIRY IS REQUIRED, WHAT CONSTITUTES A SUFFICIENT COLLOQUY BETWEEN THE MILITARY JUDGE AND AN ACCUSED TO SUPPORT A PLEA OF GUILTY TO THE SPECIFICATION OF SODOMY UNDER THE STANDARD SET FORTH IN <u>HARTMAN</u>?

act of sodomy in private between consenting adults may not be [criminal], absent some other fact.") (citing Lawrence, 539 U.S. at 578). We characterized that "additional fact" as "a matter of 'critical significance'" because it "distin[guishes] between what is permitted and what is prohibited." Hartman, 69 M.J at 468 (quoting United States v. O'Connor, 58 M.J. 450, 453 (C.A.A.F. 2003)).

Next, we emphasized that: "The fundamental requirement of [a] plea inquiry under [United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969),] and [Rule for Courts-Martial (R.C.M.)] 910 involves a dialogue in which the military judge poses questions about the nature of the offense and the accused provides answers that describe his personal understanding of the criminality of his or her conduct." Id. at 469. Because the inquiry did not establish the accused's personal understanding of the relationship between the facts he was admitting and why his plea to voluntary sexual activity with an adult could nonetheless be subject to criminal sanction, we held that the plea was improvident. Id.

Here, pursuant to Appellee's guilty plea to consensual sodomy, the military judge and Appellee engaged in a dialogue during which the military judge elicited facts in an attempt to demonstrate that Appellee's sexual activity was subject to

criminal sanction.[2]  However, the dialogue did not meet the requirements of Hartman or Care, which are different from the standard for legal sufficiency, because the military judge failed to ensure Appellee's personal understanding of matters critical to his guilt; namely, why these additional facts removed his sexual activity from the protection recognized in Lawrence and Marcum and subjected that activity to criminal sanction.  We therefore affirm the CGCCA's decision that Appellee's plea was improvident.

DECISION

The decision of the United States Coast Guard Court of Criminal Appeals is affirmed.

---

[2] The providence inquiry before us comes much closer to satisfying Care and R.C.M. 910 than that which was conducted in Hartman because the discussion between the military judge and the accused in this case went well beyond simply discussing the "nature of the sexual conduct."  Hartman, 69 M.J. at 469 (plea was improvident where (1) in the initial part of the inquiry, the appellant merely "describ[ed] the nature of the sexual conduct," (2) the military judge then asked the appellant a series of follow-up questions after discussing Lawrence and Marcum with trial counsel, but (3) the military judge failed to explain the significance of these questions to the appellant). Nevertheless, the military judge failed to elicit what Hartman requires where the Article 125, UCMJ, offense to which the accused pleaded guilty is consensual sodomy with an adult -- Appellee's personal understanding that the additional facts elicited are necessary for his conduct, which might otherwise fall within the liberty interest defined in Lawrence, to be subject to criminal sanction.