# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist WALTER J. CLEMMONS**
**United States Army, Appellant**

ARMY 20120008

Headquarters, Fort Riley
Jeffery Nance, Military Judge
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate

For Appellant: Captain Robert A. Feldmeier, JA (argued); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Robert A. Feldmeier, JA (on brief).

For Appellee: Major Daniel D. Maurer, JA (argued); Lieutenant Colonel Amber J. Roach, JA; Major Katherine S. Gowel, JA; Major Daniel D. Maurer (on brief).

16 May 2013

-----------------------------------
MEMORANDUM OPINION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

HAIGHT, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of aggravated assault with a deadly weapon (a loaded firearm) and one specification of carrying a concealed weapon in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 (2006) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, thirty days of hard labor without confinement, and reduction to the grade of E-1.

This case is before us for review under Article 66, UCMJ. Appellant raises two assignments of error to this court, one of which merits discussion and relief. Appellant's remaining assignment of error is rendered moot by our decision regarding the first assignment of error. Those matters appellant personally raises

pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are either without merit or rendered moot.

**BACKGROUND**

In the Specification of Charge II, appellant was charged with unlawfully carrying a concealed weapon in violation of Article 134, UCMJ. The specification alleged:

> In that [appellant], U.S. Army, did, at or near Fort Riley, Kansas, on or about 12 April 2011, unlawfully carry on or about his person a concealed weapon, to wit: a loaded Glock 23 pistol, which conduct was prejudicial to good order and discipline in the Armed Forces and of a nature to bring discredit upon the Armed Forces.

Prior to trial, appellant entered into an agreement wherein he agreed to plead guilty to all offenses in exchange for a cap on his sentence to confinement. In accordance with this pretrial agreement, appellant entered into a stipulation of fact. Despite the fact that the concealed weapon charge involved a Glock 23 pistol, any and all portions in the stipulation regarding a concealed weapon refers not to the charged weapon, but to another one of appellant's firearms, a Springfield XD .45 caliber pistol:

> 5. When the Accused returned he went to his room and retrieved the Springfield XD .45 caliber pistol . . . . The Accused placed the weapon in his front right shorts pocket in order to conceal the weapon from sight. The Accused carried the weapon on his person throughout the remainder of the evening. The Accused's actions were prejudicial to good order and discipline and of a nature to bring discredit upon the Armed Forces. The Accused had no legal justification to carry the concealed weapon.

> 6. After concealing the weapon on his person, the Accused rejoined the group to play board games . . . . SPC B did not know that the Accused was carrying a concealed dangerous weapon . . . .

> 7. In the middle of one of their games, the group went outside in the front of their home . . . .

> 8. At this point, the Accused removed the concealed weapon from his shorts pocket . . . .

2

CLEMMONS— ARMY 20120008

In stark contrast to the fairly extensive discussion about the Springfield XD, the stipulation of fact never identifies the Glock 23 as ever being concealed, only mentioning "the Accused pointed a Glock 23, .40 caliber handgun at SPC B." It is abundantly evident from the stipulation of fact and the charge sheet that confusion existed as to not only the particular weapon, but what conduct regarding which firearm on which occasion, either inside of appellant's home or outside, was the basis for the concealed weapon charge and appellant's plea of guilty to that charge.

Rather than clarifying this confusion, the providence inquiry only served to highlight the apparent disconnect. During the inquiry, the military judge advised appellant of the elements of the offense including: that appellant carried a concealed, loaded Glock 23 pistol on or about his person; the carrying was unlawful; the Glock 23 was a dangerous weapon; and that under the circumstances appellant's conduct was to the prejudice of good order and discipline and of a nature to bring discredit upon the armed forces. The military judge then provided several definitions relevant to the charge.

The following colloquy is the extent to which the military judge questioned appellant regarding the unlawfulness of his carrying of the Glock 23:

> MJ: Was your carrying this weapon in this manner unlawful?
>
> ACC: Yes, your honor
>
> MJ: Why?
>
> ACC: I always carry my pistol in my pocket; it was not a good decision.
>
> MJ: But, did you have a permit to carry a concealed weapon?
>
> ACC: No, your honor.
>
> MJ: And do you understand that unless you have a permit to carry a concealed weapon, it's unlawful to carry a concealed weapon?
>
> ACC: Yes, your honor.
>
> MJ: Did you believe you had any reasonably--any legal justification or excuse for carrying it in your pocket?

3

ACC:  No, your honor.

Based on his questions and appellant's responses, the military judge found appellant's plea provident and accepted it.

## LAW AND DISCUSSION

Appellant now alleges there is a substantial basis in law or fact to question the providency of his plea of guilty to carrying a concealed weapon under Article 134, UCMJ.  Specifically, appellant argues the military judge failed to ensure an adequate factual basis was established to support the element of unlawfulness.  We agree.

As noted above, the conduct the government intended to reach concerning the carrying of a concealed weapon involved the Springfield XD and not the Glock 23. Accordingly, the stipulation of fact does not help us resolve the issue, and we turn to the colloquy for assistance.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion.  *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008); *United States v. Eberle*, 44 M.J. 374, 375 (C.A.A.F. 1996). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Inabinette*, 66 M.J. at 322.

"The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (CMA 1980). It is not enough to elicit legal conclusions. The military judge must elicit facts to support the plea of guilty. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996). The record of trial must reflect not only that the elements of each offense charged have been explained to the accused, but also "make clear the basis for a determination by the military trial judge . . . whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969).

"The fundamental requirement of [a] plea inquiry under [*Care*] and [Rule for Courts-Martial (R.C.M.)] 910 involves a dialogue in which the military judge poses questions about the nature of the offense and the accused provides answers that describe his personal understanding of the criminality of his or her conduct." *United States v. Medina*, 72 M.J. 148, at ___ (C.A.A.F. 2013) (quoting *United States v. O'Connor*, 58 M.J. 450, 469 (C.A.A.F. 2003).  In this case, the providence inquiry reveals appellant never provided more than the suggested affirmative replies to the

military judge's leading and conclusory questions regarding the element of unlawfulness. *See Outhier*, 45 M.J. at 331.

While the military judge did question appellant on a lack of permit being a potential basis for unlawfulness, appellant did not offer any facts to objectively indicate his understanding of why, how, or if, not having a permit made his actions unlawful. This absence is especially troubling in light of the fact that the relevant firearm, the Glock 23, was never carried, concealed or otherwise, outside of appellant's home. The questions posed by the military judge simply did not afford appellant the opportunity to provide the facts necessary to establish appellant understood and personally believed his act of carrying this particular concealed weapon in his own home was unlawful. Furthermore, based on the totality of the providence inquiry, we are not confident that appellant's actions were, in fact, unlawful.[*]

We find appellant's affirmative responses to conclusory questions were inadequate to establish a factual basis for unlawfulness, and there is no evidence in the remainder of the record to establish this element. *See United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F.2002) (reviewing court may consider the entire record of trial in determining whether a providence inquiry is legally sufficient). Therefore, we conclude appellant's plea of guilty to carrying a concealed weapon was improvident and will take appropriate action in our decretal paragraph.

## CONCLUSION

The findings of guilty to Charge II and its Specification are set aside. We affirm the remaining findings of guilty. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the approved sentence. All rights, privileges, and property, of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision, are hereby ordered restored. *See* UCMJ arts. 58(b) and 75(a).

---

[*] We decline to apply the permissible inference of unlawfulness in this case because the military judge did not discuss the inference as a possible basis for unlawfulness with appellant. Additionally, this case is readily distinguishable from those cases applying the permissible inference as this is a guilty plea and the alleged concealment occurred not in public but in appellant's own home. *See United States v. Thompson*, 3 U.S.C.M.A. 620, 14 C.M.R. 38 (1954); *United States v. Lowe*, 4 U.S.C.M.A. 654, 16 C.M.R. 228 (1954); *United States v. Lyons*, 33 M.J. 88 (C.M.A. 1991).

CLEMMONS— ARMY 20120008

Senior Judge COOK and Judge GALLAGHER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court