UNITED STATES, Appellant

v.

Justin R. WHITAKER, Machinery Technician Third Class
U.S. Coast Guard, Appellee

No. 13-5004

Crim. App. No. 1366

United States Court of Appeals for the Armed Forces

Decided June 18, 2013

PER CURIAM

Counsel

For Appellant:  Lieutenant Commander Vasilios Tasikas (on brief).

For Appellee:  Lieutenant Cara J. Condit and Lieutenant Jonathan C. Perry (on brief).

Military Judge:  Michael E. Tousley

**This opinion is subject to revision before final publication.**

PER CURIAM:

Consistent with his pleas, a military judge sitting as a general court-martial convicted Appellee of sodomy, assault consummated by a battery (three specifications), and providing alcohol to a minor, in violation of Articles 125, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 925, 928, 934 (2006), respectively. The approved sentence consisted of confinement for fifteen months, reduction to E-1, forfeiture of all pay and allowances, and a dishonorable discharge.

At trial, Appellee stipulated that he committed oral sodomy upon a sleeping shipmate by inserting his penis between her lips and that he knew she "was asleep and an unwilling participant." On direct review, the United States Coast Guard Court of Criminal Appeals (CGCCA) focused on the absence of the type of guilty plea colloquy discussed in United States v. Hartman, 69 M.J. 467 (C.A.A.F. 2011) (holding the appellant's guilty plea improvident where the military judge failed to elicit the appellant's personal understanding and acknowledgment that his engaging in sexual activity with another consenting adult was subject to criminal sanction under the circumstances). United States v. Whitaker, No. 1366, slip op. at 3 (C.G. Ct. Crim. App. Dec. 12, 2012). The CGCCA concluded that the military judge's failure to explain to Appellee either that certain sexual activity is constitutionally protected under Lawrence v. Texas,

539 U.S. 558 (2003), or why an act of sodomy committed upon a sleeping victim fell outside the bounds of Lawrence's protected liberty interest, rendered Appellee's plea improvident, and it set aside the finding of guilty to sodomy and dismissed that charge and specification. Whitaker, No. 1366, slip op. at 4.

The Judge Advocate General of the Coast Guard certified the following question:

> WHETHER THE COAST GUARD COURT OF CRIMINAL APPEALS ERRED BY APPLYING THE PROVIDENCY REQUIREMENTS OF HARTMAN IN A CASE WHERE THE FACTS ELICITED DURING THE PROVIDENCY INQUIRY REVEALED THAT THE SEXUAL ACTIVITY FELL OUTSIDE OF THE CONSTITUTIONAL PROTECTIONS BOUNDED BY LAWRENCE v. TEXAS BECAUSE IT INVOLVED A SLEEPING VICTIM.

"In determining whether a guilty plea is provident, the military judge may consider the facts contained in the stipulation [of fact] along with the inquiry of appellant on the record." United States v. Jones, 69 M.J. 294, 299 (C.A.A.F. 2011) (internal quotation marks and citation omitted); see also United States v. Sweet, 42 M.J. 183, 185 (C.A.A.F. 1995).

Here, Appellee admitted in the stipulation of fact to an act of sodomy occurring without consent, since a sleeping victim cannot consent. United States v. Palmer, 33 M.J. 7, 9 (C.M.A. 1991); see also Article 120(t)(14), UCMJ, 10 U.S.C. § 920(t)(14) (2006). Nonconsensual sexual activity is simply not protected conduct under Lawrence, 539 U.S. at 578 (emphasizing that the sexual activity at issue involved two adults and occurred "with

full and mutual consent" from one another), and an act of sodomy with a sleeping victim does not implicate constitutional protections or even arguably constitute permissible behavior. Compare Hartman, 69 M.J. at 468 (requiring a "discussion and acknowledgment on the part of the accused of the critical distinction between permissible and prohibited behavior" where "a charge against a servicemember may implicate both criminal and constitutionally protected conduct") (emphasis added). Thus, contrary to the CGCCA's reasoning, the military judge did not err in failing to explain why Appellee's conduct was subject to criminal sanction. See United States v. Medina, 72 M.J. 148 (C.A.A.F. 2013); Hartman, 69 M.J. at 469.

What remains is to determine whether Appellee's plea was otherwise provident under United States v. Care, 18 C.M.A. 535, 40 C.M.R. 247 (1969), and Rule for Courts-Martial 910. Here, the stipulation of fact stated that Appellee knew that the victim "was asleep and an unwilling participant," and there are no facts or statements in the record that are inconsistent with Appellee's stipulation. Although this fact was neither set forth in the specification nor explored by the military judge during the providence inquiry, the military judge was allowed to consider the stipulation of fact in determining whether Appellee's plea was provident, and whether Appellee's conduct under the circumstances implicated constitutionally protected

conduct.  Jones, 69 M.J. at 299.  Considering the stipulation of fact in conjunction with the providence inquiry, which adequately covered the elements of Article 125, UCMJ, there is no substantial basis in law or fact to question the providence of Appellee's plea.

## Decision

We answer the certified issue in the affirmative, and reverse the decision of the United States Coast Guard Court of Criminal Appeals as to Additional Charge II and its sole specification.  The decision of that court as to the remaining charges and specifications is affirmed.  The record of trial is returned to the Judge Advocate General of the Coast Guard for remand to that court for further review under Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2006).