# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Justin R. WHITAKER
### Machinery Technician Third Class (E-4), U.S. Coast Guard

### CGCMG 0285
### Docket No. 1366

### 19 February 2014

General Court-Martial convened by Commander, Eighth Coast Guard District.  Tried at New Orleans, Louisiana, on 6 March 2012.

| | |
|---|---|
| Military Judge: | CAPT Michael E. Tousley, USCG |
| Trial Counsel: | LCDR Angela R. Holbrook, USCGR |
| Assistant Trial Counsel: | LT Steven A. Macias, USCGR |
| Military Defense Counsel: | LT David Kupper, JAGC, USN |
| Civilian Defense Counsel: | Mr. Tory Langemo, Esq. |
| Civilian Defense Counsel: | Mr. Keith Scherer, Esq. |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| Appellate Government Counsel: | CDR Vasilios Tasikas, USCG |

### BEFORE
### McCLELLAND, HAVRANEK & DUIGNAN
Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of sodomy, in violation of Article 125, Uniform Code of Military Justice (UCMJ); three specifications of assault consummated by battery, in violation of Article 128, UCMJ; and one specification of wrongfully providing a minor with alcoholic beverages, such conduct being prejudicial to good order and discipline in the armed forces, in violation of Article 134, UCMJ. The military judge sentenced Appellant to confinement for fifteen months, reduction to E-1, forfeiture of all pay and allowances, and a dishonorable discharge.  The Convening Authority approved the sentence.  The pretrial agreement did not affect the sentence.

Before this court, Appellant specified the following issues:

I.       Appellant's conviction under Article 125, UCMJ, for consensual sodomy should be dismissed because the military judge failed to discuss the corresponding liberty interest during the providence inquiry.

II.     Appellant's sentencing should be reassessed by the court of criminal appeals because the Coast Guard Court of Criminal Appeals is capable of deciding a fair sentence.

On 12 December 2012, this Court set aside the finding of guilty of Article 125, UCMJ, finding an inadequate providence inquiry. We affirmed the remaining findings and reassessed the sentence. *United States v. Whitaker*, No. 1366 (C.G.Ct.Crim.App. Dec. 12, 2012). The Government appealed. On 18 June 2013, the Court of Appeals for the Armed Forces (CAAF) reversed our decision as to the sodomy charge and specification, and affirmed our decision as to the remaining charges and specifications. *United States v. Whitaker*, 72 M.J. 292 (C.A.A.F. 2013). CAAF held that "there is no substantial basis in law or fact to question the providence of [Appellant's] plea." *Id.* at 293.

The first assignment of error has been decided against Appellant by CAAF, and the second was subsidiary to the first. We discern no other issues requiring our attention.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,

Joseph M. Guyton
Clerk of the Court