# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class ALVIN J. FOGLE**
**United States Army, Appellant**

ARMY 20140534

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Rebecca K. Connally, Military Judge
Colonel Mark W. Seitsinger, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Major Scott L. Goble, JA; Captain John Gardella, JA (on brief).

11 August 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of conspiracy to obstruct justice, false official statement, and sexual assault in violation of Articles 81, 107, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 907, 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to be discharged with a dishonorable discharge, to be confined for six years, and to be reduced to the grade of E-1. The convening authority approved only so much of the adjudged sentence as provides for a dishonorable discharge, confinement for twenty-three months and fifteen days, and reduction to the grade of E-1.[*]

---

[*] The pretrial agreement capped confinement to two years, however, the convening authority provided appellant fifteen days confinement relief for dilatory post-trial processing.

FOGLE—ARMY 20140534

This case is before us for review under Article 66, UCMJ. Appellant raises one assignment of error that we find has no merit. Appellant raises two matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion and relief.

**BACKGROUND**

In the Specification of Charge I, appellant was charged with conspiring to obstruct justice in violation of Article 81, UCMJ. The specification alleged:

> In that [appellant], did, at or near Fort Sill, Oklahoma, between 8 February 2013 and about 15 February 2013, conspire with PV2 Jonathan M. Bears and SPC Josbel M. Herrera to commit an offense under the Uniform Code of Military Justice, to wit: obstructing justice in violation of Article 134, and in order to effect the object of the conspiracy the said PFC Alvin J. Fogle, PV2 Jonathon M. Bears, and SPC Josbel M. Herrera did knowingly give false statements to Criminal Investigation Command, Fort Sill, Oklahoma.

Prior to trial, appellant entered into a pretrial agreement wherein he agreed to plead guilty to certain offenses, including the Specification of Charge I, in exchange for a cap on his sentence to confinement. In accordance with this pretrial agreement, appellant entered into a stipulation of fact.

During the providence inquiry, the military judge advised appellant of the elements for the Specification of Charge I, including the underlying elements of Article 134 offense of obstruction of justice, to include the terminal elements that the conduct was to the prejudice of good order and discipline or was of a nature to bring discredit upon the armed forces.

The military judge questioned appellant regarding this conduct:

> MJ: So, at this time . . . I want you to tell me why you are guilty of the offense in The Specification of Charge I, and that is, the offense of conspiracy. . .
>
> ACC: Ma'am, on or about 10 February 2013, on Fort Sill where I was assigned to the 15th Transportation Company, 100th BSB, 75 Fires Brigade, I talked to PV2 Bears and Specialist Herrera regarding what we did with Ms. [LG] on or about February 8th 2013. We knew that something had been reported and we expected an investigation. We

2

> agreed to tell the investigators that we never had sex with Ms. [LG], there was [sic] no videos that were made, and that we were all in separate places at that time. I knew that if I lied I would be—*it would be prejudicial to good order and discipline because I was misleading so that a crime would go unsolved*. When I was interviewed by CID, I lied to the investigator because that was the plan we had came up with.

Following appellant's unsolved crime comment, the military judge did not seek any additional information relating to why appellant believed his conduct was of a nature to bring discredit upon the armed forces or was service discrediting.

The stipulation of fact in this case is conclusory with regards to the terminal element of the underlying Article 134, UCMJ, offense of obstruction of justice.

Based on the military judge's questions and the appellant's responses, the military judge found appellant's plea to this offense provident and accepted it. We find a substantial basis in law and fact to question the plea and take appropriate action in our decretal paragraph to correct this issue.

## LAW AND DISCUSSION

In his *Grostefon* matters, appellant alleges there is a substantial basis in law and fact to question the providence of his plea of guilty to the Specification of Charge I. Specifically, appellant argues the military judge failed to establish an adequate factual predicate to support the terminal element in this case.

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id*.

"The military judge shall not accept a plea of guilty without making such inquiry of the accused as shall satisfy the military judge that there is a factual basis for the plea." In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980). It is not enough to elicit legal conclusions; the military judge must elicit facts to support the plea of guilty. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996). The record of trial must reflect not only that the elements of each offense charged have been explained to the accused, but also "make clear the basis for a determination by the military trial judge . . . whether the acts or

the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969). The fundamental requirement of a plea inquiry under *Care* and Rule for Courts-Martial (R.C.M.) 910 "involves a dialogue in which the military judge poses questions about the nature of the offense and the accused provides answers that describe his personal understanding of the criminality of his or her conduct." *United States v. Medina*, 72 M.J. 148, 149 (C.A.A.F. 2013) (internal citations omitted).

"'To the prejudice of good order and discipline' refers only to acts directly prejudicial to good order and discipline and not to acts which are prejudicial only in a remote or indirect sense. . . this article does not include distant effects." *Manual for Courts-Martial, United States* (2012 ed.)[hereinafter *MCM*], pt. IV, ¶ 60.c.2.a. "The prejudice must be reasonably direct and palpable." *Id. See also United States v. Perez*, 33 M.J. 1050, 1054 (C.M.R. 1991).

As a matter of law, conspiracy to obstruct justice could very well constitute an offense amounting to conduct prejudicial to good order and discipline and of such a nature to bring discredit upon the armed forces. Based on the totality of the providence inquiry, however, we are not confident the exchange with appellant established a personal understanding of how he believed his actions met these elements. This court, therefore, concludes appellant's plea of guilty to this offense was improvident.

**CONCLUSION**

The finding of guilty to the Specification of Charge I is set aside. We AFFIRM the remaining findings of guilty.

In determining whether we can reassess the sentence, we apply several nonexhaustive factors provided by our superior count in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) (internal citations omitted). Applying these factors to this case, we are confident that reassessment is appropriate. First we look to the penalty landscape. The maximum punishment is reduced from forty years to thirty-five years. Second, appellant was tried by a military judge and we have experience dealing with similar cases. We are confident we can discern what punishment a military judge would have adjudged in this case. Third, the gravamen of the criminal conduct included within the original offenses remains substantially the same. Neither the penalty landscape nor the admissible aggravation evidence has significantly changed.

Reassessing the sentence based on the noted error and the remaining findings of guilty, we AFFIRM the sentence approved by the convening authority. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of

that portion of the findings set aside by this decision, are ordered restored. *See* Articles 58b(c) & 75(a), UCMJ.

Judge HERRING and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court