# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant GARRETT B. SINGLETON**
**United States Army, Appellant**

ARMY 20150099

Headquarters, Fort Bliss
Timothy P. Hayes, Jr., Military Judge
Colonel Karen H. Carlisle, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA (on brief).

For Appellee:  Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Lieutenant Colonel Gregory A. Marchand, JA (on brief).

24 August 2016

---------------------------------
MEMORANDUM OPINION
-------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Senior Judge:

In this case, we find a substantial basis in law and fact to question appellant's plea to two Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2012) [hereinafter UCMJ] offenses wherein appellant admitted his belief that the victim consented to the touching was incorrect, but did not explain why his mistake of fact as to consent was unreasonable before the assaults occurred.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of violating a lawful general regulation, maltreatment of a subordinate (two specifications), and assault consummated by battery (two specifications) in violation of Articles 92, 93, and 128, UCMJ.  The military judge sentenced appellant to a bad-conduct discharge, confinement for fourteen months, and reduction to the grade of E-1.  Pursuant to a pretrial agreement, the convening

authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for nine months, and reduction to the grade of E-1.

This case is before us for review under Article 66, UCMJ. Appellant raises two assignments of error that have no merit. We find, however, one additional error that merits discussion and relief.

## BACKGROUND

### A. *Violating a Lawful General Regulation and Assault Consummated by Battery*

Appellant directly supervised Specialist (SPC) SL after she completed AIT and arrived at Fort Bliss in the summer of 2012. There, they began an inappropriate "pseudo dating relationship." The two went to church and dinners together. They attended a wedding with one another. Appellant took SPC SL to meet his mother. Appellant also bought SPC SL an expensive electric violin and gave her $800 in cash for transportation. Significantly, the two had also consensually engaged in oral sexual activity and had intimate sexual encounters with one another using a "dildo type vibrator" which they purchased together.

On 8 May 2013, appellant and SPC SL went to her barracks room together. Once in the room, appellant pulled down SPC SL's pants and underwear, touched her genitalia with his hand, and then proceeded to have sexual intercourse with SPC SL. While the sexual act was occurring, SPC SL put her hands on appellant's chest and said she had to go to the bathroom. Appellant stopped and SPC SL went to the bathroom. Specialist SL was menstruating at the time and her underwear and bedding became bloodied as a result.

The government charged appellant with, *inter alia*, sexual assault of SPC SL and abusive sexual contact of SPC SL. Prior to trial, appellant entered into a pretrial agreement wherein he agreed to plead guilty to two specifications of assault consummated by battery instead of the sexual offenses, in exchange for a cap on his sentence to confinement. In accordance with his pretrial agreement, appellant also entered into a stipulation of fact.

During the providence inquiry, the military judge advised appellant of the elements of assault consummated by battery as alleged, including: 1) bodily harm–any physical injury to or offensive touching of another person, however slight; 2) touching SPC SL's vulva with his penis and hand; and 3) with unlawful force. The military judge further explained that the acts must have been done without legal justification or excuse and without the lawful consent of the victim.

The military judge then proceeded to allow appellant to explain why he believed he was guilty of these offenses. Appellant explained that at the time he

2

was engaged in the sexual acts, he thought the touching was consensual, but looking back at the text messages he received the following day, as well as the statements the victim gave to CID, he now realized "that was not the case" and that his belief was unreasonable. The discussion continued:

> MJ: So although you say at the time you believed it was consensual, you knew as early as the next day that it was not consensual?
>
> ACC: Yes, Your Honor, because it was after the event. So when it happened, I--I thought that it was consensual, up until the next day when she texted me, and further--and obviously later, when I got the reports from CID, her statements, that's when I saw that [] I was mistaken, Your Honor.
>
> MJ: Okay, and you had said before that your mistake was unreasonable. What is it about looking back on it now, the events of the actual touching and anything that occurred after that, which leads you to believe that your belief was unreasonable?
>
> ACC: Your Honor, she texted me the next morning, saying that she did not want that. So from there--from there on, my--I--that's when I realized that my judgement was unreasonable.
>
> MJ: Okay
>
> ACC: She also [] during the act, she also didn't look at me, and she placed her hand on my chest and told me that she wanted to go to the restroom, and that's when she went to the restroom from there. But again, Your Honor, I didn't know until I got that text message the next morning, Your Honor.
>
> MJ: Okay, but the text message coupled with the signs that you were receiving that she didn't look at you, she put her hand on your chest, and she said she wanted to go to the bathroom, all those things lead you to conclude that your--any belief you had that it was consensual was an unreasonable belief?
>
> ACC: In retrospect, roger. Yes, Your Honor.

3

> MJ:  And I believe there was also quite a bit of bleeding,
> um, that occurred because she was on her menstrual cycle
> at the time?
>
> ACC:  Yes, Your Honor.
>
> MJ:  Would you--could you conclude from that that
> perhaps she wasn't interested in sexual intercourse,
> because she was on her menstrual cycle at the time too?
>
> ACC:  In retrospect, yes, Your Honor.

The stipulation of fact in this case does not specifically address facts supporting why appellant's mistake of fact was unreasonable and merely repeats the elements of the offense, stating that during the sexual acts SPC SL did not look at the accused and was offended by the touching and penetration.

The military judge found appellant provident to the two Article 128, UCMJ, offenses and accepted his plea of guilty.

### B.  *Maltreatment of a Subordinate*

Appellant also supervised SPC KH[*] who had been a victim of family violence and had a no-contact order between her and her then-husband.  Specialist KH had to choose someone to transport her son to her then-husband because of the no-contact order.  She chose appellant because he "was always willing to help."  The first few times appellant assisted with her son there were no issues; then appellant started to inappropriately text SPC KH.  She testified that the text messages upset her because appellant offered to help her release some stress by "practicing making babies" and mentioned her son's name.  Appellant followed up the unwanted text messages by bringing up the same subject while she was working CQ.  For these actions, appellant was charged with, and convicted of, two specifications of maltreatment of a subordinate.

### LAW AND DISCUSSION

We review a military judge's acceptance of an accused's guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). "In doing so, we apply the substantial basis test, looking at whether there is something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea." *Id*.

---

[*] By the time of trial, her name had changed from KH to KR.

4

In order to establish an adequate factual predicate for a guilty plea, the military judge must elicit "factual circumstances as revealed by the accused himself [that] objectively support that plea[.]" *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980). It is not enough to elicit legal conclusions; the military judge must elicit facts to support the plea of guilty. *United States v. Outhier*, 45 M.J. 326, 331 (C.A.A.F. 1996). The record of trial must reflect not only that the elements of each offense charged have been explained to the accused, but also "make clear the basis for a determination by the military trial judge . . . whether the acts or the omissions of the accused constitute the offense or offenses to which he is pleading guilty." *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969). The fundamental requirement of a plea inquiry under *Care* and Rule for Courts-Martial (R.C.M.) 910 "involves a dialogue in which the military judge poses questions about the nature of the offense and the accused provides answers that describe his personal understanding of the criminality of his or her [sic] conduct." *United States v. Medina*, 72 M.J. 148, 149 (C.A.A.F. 2013) (internal citations omitted).

Appellant raised the defense of mistake of fact as to consent when he told the military judge that at the time he engaged in the sexual acts with SPC SL—with whom he had previously engaged in consensual relationship that included sexual relations—he thought the touching was consensual. Appellant followed up by saying that looking back at the text messages he received the following day, as well as the statements the victim gave to CID, he now realized his belief was "unreasonable." Yet his statements to the military judge indicate his belief that SPC SL was consenting was *incorrect* based on events occurring after the touching, not that his belief was *unreasonable at the time* of the touching. It is not enough for the military judge to have just elicited the legal conclusion that appellant's mistake of fact was unreasonable; he also needed to elicit facts to support the unreasonableness of appellant's belief at the time of the contact with SPC SL. *Outhier*, 45 M.J. at 331.

All that is clear from the providence inquiry is that SPC SL did not make eye contact with appellant while they had sexual intercourse, SPC SL was bleeding due to her menstrual cycle, and SPC SL put her hands on appellant's chest—so he stopped having intercourse with her. Appellant did not explain why his belief that SPC SL was consenting to the contact was *unreasonable at the time*. He only agreed his belief was "unreasonable" in light of events that happened *after* he touched SPC SL and the sexual act began. Thus, based on the totality of the providence inquiry, we are not confident the exchange with appellant established a personal understanding of how he believed his belief SPC SL was consenting was unreasonable at the time of his actions. *Medina*, 72 M.J. at 149. We find a substantial basis in law and fact to question appellant's plea to the two specifications of assault consummated by battery and we conclude appellant's plea of guilty to the Specification of Charge I and the Specification of The Additional Charge were improvident.

5

**CONCLUSION**

The finding of guilty to the Specification of Charge I and the Specification of The Additional Charge are set aside. We AFFIRM the remaining findings of guilty.

In determining whether we can reassess the sentence, we apply several nonexhaustive factors provided by our superior count in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) (internal citations omitted). Applying these factors to this case, we are confident that reassessment is appropriate. With regard to the penalty landscape, the maximum punishment is reduced from four to three years. The pretrial agreement capped confinement to nine months. Second, appellant was tried by a military judge and we have experience dealing with similar cases. Without the assault specifications, appellant remains convicted of violating a lawful general regulation by having an inappropriate relationship with SPC SL and maltreating SPC KH while she was in a very vulnerable state and he was entrusted to help her. Given the gravamen of the remaining offenses, we are confident a military judge would have adjudged at least a nine month sentence in this case.

Reassessing the sentence based on the noted error and the remaining findings of guilty, we AFFIRM the sentence approved by the convening authority. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* Articles 58b(c) & 75(a), UCMJ.

Judge HERRING and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court