UNITED STATES, Appellee

v.

Benjamin H. HARTMAN,
Sonar Technician (Submarines) Second Class
U.S. Navy, Appellant

No. 10-0291

Crim. App. No. 200900389

United States Court of Appeals for the Armed Forces

Argued February 7, 2011

Decided March 15, 2011

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel


For Appellant:  Major Kirk Sripinyo, USMC (argued).


For Appellee:  Major Elizabeth A. Harvey, USMC (argued); Brian
K. Keller, Esq., and Colonel Louis J. Puleo, USMC (on brief).


Military Judge:  William F. Martin


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Hartman, No. 10-2091/NA

Chief Judge EFFRON delivered the opinion of the Court.

A general court-martial composed of a military judge sitting alone, convicted Appellant, pursuant to his pleas, of one count of sodomy in violation of Article 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 925 (2006). The sentence adjudged by the court-martial and approved by the convening authority included a bad-conduct discharge, confinement for one month, and reduction to pay grade E-1. The United States Navy-Marine Corps Court of Criminal Appeals affirmed. United States v. Hartman, No. NMCCA 200900389, 2009 CCA LEXIS 462, at *7, 2009 WL 5126122, at *3 (N-M. Ct. Crim. App. Dec. 29, 2009). Our Court set aside the decision and remanded the case to the Court of Criminal Appeals. United States v. Hartman, 69 M.J. 170 (C.A.A.F. 2010). Upon further review, the Court of Criminal Appeals affirmed. United States v. Hartman, No. NMCCA 200900389, slip op. at 3 (N-M. Ct. Crim. App. Jun. 22, 2010).

On Appellant's petition, we granted review of the following issue:

> WHETHER APPELLANT'S CONVICTION UNDER ARTICLE
> 125, UCMJ, FOR CONSENSUAL SODOMY IN THE
> PRESENCE OF A THIRD PERSON VIOLATES THE DUE
> PROCESS CLAUSE OF THE FIFTH AMENDMENT.

For the reasons set forth below, we reverse the decision of the Court of Criminal Appeals.

2

I

In United States v. Marcum, 60 M.J. 198 (C.A.A.F. 2004), we addressed the constitutionality of prosecutions under Article 125, UCMJ (proscribing sodomy) in light of the decision by the Supreme Court in Lawrence v. Texas, 539 U.S. 558, 562, 578 (2003) (striking down a state statute "making it a crime for two persons of the same sex to engage in certain intimate sexual conduct" as violating the constitutional "right to liberty under the Due Process Clause"). See also Marcum, 60 M.J. at 203-05 (discussing the scope of Lawrence and the limitations set forth therein).

In Marcum, we considered the general applicability of constitutional safeguards in military proceedings, as well as the well-established principle that "these constitutional rights may apply differently to members of the armed forces than they do to civilians." 60 M.J. at 205. As we subsequently noted in United States v. Stirewalt, 60 M.J. 297, 304 (C.A.A.F. 2004), Marcum "identified a tripartite framework for addressing Lawrence challenges within the military context . . . ." Under the tripartite framework, we ask:

> First, was the conduct . . . of a nature to
> bring it within the liberty identified by
> the Supreme Court [in Lawrence]?  Second,
> did the conduct encompass any behavior or
> factors identified by the Supreme Court as
> outside the analysis in Lawrence?  Third,
> are there additional factors relevant solely

> in the military environment that affect the nature and reach of the Lawrence liberty interest?

Marcum, 60 M.J. at 206-07 (citation omitted).  In the present case, the parties agree that Marcum provides the appropriate framework for distinguishing between conduct constitutionally protected under Lawrence and conduct that may be prosecuted criminally under Article 125.


II

When a charge against a servicemember may implicate both criminal and constitutionally protected conduct, the distinction between what is permitted and what is prohibited constitutes a matter of "critical significance."  United States v. O'Connor, 58 M.J. 450, 453 (C.A.A.F. 2003).  With respect to the requisite inquiry into the providence of a guilty plea, see United States v. Care, 40 C.M.R. 247, 253 (C.M.A. 1969), and Rule for Courts-Martial (R.C.M.) 910, the colloquy between the military judge and an accused must contain an appropriate discussion and acknowledgment on the part of the accused of the critical distinction between permissible and prohibited behavior. Compare O'Connor, 58 M.J. at 453 (setting aside the plea in the absence of such an inquiry), with United States v. Mason, 60 M.J. 15, 19 (C.A.A.F. 2004) (noting that the plea colloquy demonstrated that the accused understood and acknowledged the

circumstances establishing the criminal nature of the conduct at issue).

### III

During the plea inquiry in the present case, the military judge described the offense of sodomy solely in terms of the definition of the offense set forth in the Manual for Courts-Martial (MCM), which describes various forms of sexual conduct between two people.  See MCM pt. IV, para. 51.c. (2008 ed.). Consistent with Care, the military judge asked Appellant to explain in his own words why he believed he was guilty of the offense.  Appellant responded by describing the nature of the sexual conduct between himself and the other party to the sexual act.  The inquiry did not reflect consideration of the Marcum framework.

At the conclusion of the military judge's colloquy with Appellant, he asked counsel if either desired any further inquiry.  The trial counsel then engaged in a discussion with the military judge about Lawrence and Marcum.  Trial counsel asked the military judge to pose questions to the accused about the location of the act of sodomy, the presence of any other person in the room, and the military relationship between Appellant and the other person involved in the sexual act.  In response to the questions from the military judge, Appellant

stated that the incident took place at the Transient Visitors Quarters on a U.S. Navy facility; that the other participant in the sexual activity was a member of the Navy assigned to the same ship as Appellant; and that a third shipmate "was present and asleep in the room" at the time of the charged act of sodomy. The military judge did not explain to Appellant the significance of the questions, nor did the military judge ask Appellant whether he understood the relationship of the questions and answers to the distinction drawn in Lawrence and Marcum between constitutionally protected behavior and criminal conduct.


IV

The fundamental requirement of plea inquiry under Care and R.C.M. 910 involves a dialogue in which the military judge poses questions about the nature of the offense and the accused provides answers that describe his personal understanding of the criminality of his or her conduct. A discussion between the trial counsel and the military judge about legal theory and practice, at which the accused is a mere bystander, provides no substitute for the requisite interchange between the military judge and the accused. In the absence of a dialogue employing lay terminology to establish an understanding by the accused as to the relationship between the supplemental questions and the

issue of criminality, we cannot view Appellant's plea as provident.  See O'Connor, 58 M.J. at 454.


                              V

     The decision of the United States Navy-Marine Corps Court of Criminal Appeals is reversed and the findings and sentence are set aside.  The record is returned to the Judge Advocate General of the Navy, and a rehearing is authorized.