# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SIMS, COOK, and GALLAGHER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant RICHARD J. McINNISH**
**United States Army, Appellant**

ARMY 20090923

U.S. Army Basic Combat Training Center of Excellence
John McAfee, Military Judge
Lieutenant Colonel Christopher B. Valentino, Staff Judge Advocate

For Appellant: Colonel Mark Tellitocci, JA; Lieutenant Colonel Imogene M. Jamison, JA; Lieutenant Colonel Jonathan F. Potter, JA; Captain Barbara A. Snow-Martone, JA (on brief).

For Appellee: Major Amber J. Williams, JA; Major Sara M. Root, JA; Captain Kenneth W. Borgnino, JA (on brief).

30 November 2011

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge, sitting as a special court-martial, convicted appellant, pursuant to his pleas, of three specifications of failure to obey a regulation, one specification of false official statement, two specifications of sodomy, and three specifications of adultery, in violation of Articles 92, 107, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 925, and 934 [hereinafter UCMJ]. Appellant was sentenced to a bad-conduct discharge, and confinement for seven months, and reduction to the grade of E1. The convening authority approved only so much of the sentence to confinement as provided for five months confinement and otherwise approved the adjudged sentence. This case is before us for review pursuant to Article 66, UCMJ.

**LAW AND DISCUSSION**

In *United States v. Hartman*, 69 M.J. 467, 468 (C.A.A.F. 2011), our Superior Court held that a provident plea to Article 125, UCMJ, which implicates both criminal and constitutionally protected conduct, must include a colloquy between the military judge and the accused establishing an acknowledgment by the accused "of the critical distinction between permissible and prohibited behavior." *Hartman* at 468. In *Lawrence v. Texas*, 539 U.S. 558 (2003), the Supreme Court recognized constitutional limitations upon the criminalization of certain intimate sexual conduct. In *United States v. Marcum*, 60 M.J. 198 (C.A.A.F. 2004), the CAAF "identified a tripartite framework for addressing *Lawrence* challenges within the military context…." *Hartman* at 468. The considerations identified in *Marcum* can provide "the appropriate framework for distinguishing between conduct constitutionally protected under *Lawrence* and conduct that may be prosecuted criminally under Article 125." *Id.* In this case, both specifications of Charge III implicate conduct identified in *Lawrence* as potentially protected, that being the act of sodomy. Although the colloquy in this case elicited facts pertinent to consideration of the *Marcum* framework, the discussion between the military judge and the appellant did not establish an understanding by the appellant as to the relationship between these facts and the criminal nature of his conduct in light of *Lawrence.* Accordingly, appellant's pleas of guilty to Charge III and its specifications are not provident and the findings of guilt are set aside.

The second issue warranting discussion concerns whether Charge IV and its specifications allege an offense despite an omission of express words alleging that appellant's conduct was to the prejudice of good order and discipline in the armed forces, of a nature to bring discredit upon the armed forces, or a non-capital crime or offense. Article 134, Clauses 1, 2, and 3, UCMJ. *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011)

Whether a charge and specification state an offense is a question of law that is reviewed de novo. *United States v. Crafter*, 64 M.J. 209, 211 (C.A.A.F. 2006). Together, the charge and specification must "allege every element of the offense either expressly or by necessary implication, so as to give the accused notice and protect him against double jeopardy." *Id.* (quoting *United States v. Dear*, 40 M.J. 196, 197 (C.M.A. 1994)). Rule for Courts-Martial 307(c)(3). Where a charge and specification are not challenged at trial, their language is to be liberally construed. *Roberts*, __ M.J. ___, slip op. at 4 (Army Ct. Crim. App. 14 Oct. 2011). *Cf. Fosler* at 230. Additionally, as found in the case before us, "standing to challenge a specification on appeal [is] considerably less where an accused knowingly and voluntarily pleads guilty to the offense." *United States v. Watkins*, 21 M.J. 208, 210 (C.M.A. 1986).

In the absence of an objection at trial, we will not set aside a charge and specification unless it is "so obviously defective that it could not be reasonably

construed to embrace [the] terminal element." *Roberts* at 5; *United States v. Watkins*, 21 M.J. 208, 209-10 (C.M.A. 1986). A charge and specification initially challenged on appeal, while being liberally construed, will not be held invalid "absent a clear showing of substantial prejudice to the accused -- such as a showing that the indictment is so obviously defective that by no reasonable construction can it be said to charge the offense for which conviction was had." *Watkins* at 209-10 (quoting *United States v. Thompson*, 356 F.2d 216, 226 (2d Cir. 1965), *cert. denied*, 384 U.S. 964 (1966)(internal quotation marks omitted)). Appellant has failed to make such a showing.

In this case, appellant did not complain that Charge IV and its Specifications failed to state an offense by objecting at trial, in his post-trial submissions to the convening authority, or in his pleadings before this court. The charge sets forth a violation of Article 134, UCMJ, and the specifications state the date, location, the identity of the participants, their pertinent status, and the wrongful act. *See, e.g., United States v. Dear,* 40 M.J. 196, 197 (C.M.A. 1994)(holding a maltreatment specification provided notice because "it set[] forth the Article of the Code, name of the victim, the time frame of the offense, and the comments alleged to have been made by appellant"). The specifications also identify that the appellant was a Staff Sergeant and the co-actor was a Private in each instance. Accordingly, these allegations necessarily imply that appellant's conduct was prejudicial to good order and discipline and service discrediting.

Furthermore, there is ample evidence in the record that appellant was on notice of the charge and specifications against him. Appellant negotiated a pretrial agreement, pled guilty to the specifications with the benefit of advice from his trial defense counsel, and was advised by the military judge of the elements of adultery —to include the terminal elements—after which appellant described how his conduct was both prejudicial to good order and discipline and service discrediting.

We hold that the adultery charge was not so obviously defective that it could not be reasonably construed to embrace this terminal element. *Roberts* at 5. There is no reason to conclude appellant was misled or that he might otherwise suffer prosecution for these same offenses twice. He received notice of the offenses against which he had to defend and protection against double jeopardy. Charge IV and its Specifications state an offense.

## CONCLUSION

On consideration of the entire record and the submissions of the parties, the findings of guilty of the Specifications of Charge III are set aside and dismissed. The remaining findings of guilty are affirmed. The dismissal of the Specifications of Charge III does not dramatically change the sentencing landscape. The military judge found each of the Specifications of Charge III to be multiplicious for sentencing purposes with the remaining charges and specifications pertaining to each

3

identified co-actor. Furthermore, the maximum possible punishment is not affected by the dismissal. Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion, the court affirms the sentence.

We have also considered the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.

FOR THE COURT:

MALCOLM H. SQUIRES, JR
Clerk of Court