# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Justin R. WHITAKER
### Machinery Technician Third Class (E-4), U.S. Coast Guard

### CGCMG 0285
### Docket No. 1366

### 12 December 2012

General Court-Martial convened by Commander, Eighth Coast Guard District.  Tried at New Orleans, Louisiana, on 6 March 2012.

| | |
|---|---|
| Military Judge: | CAPT Michael E. Tousley, USCG |
| Trial Counsel: | LCDR Angela R. Holbrook, USCGR |
| Assistant Trial Counsel: | LT Steven A. Macias, USCGR |
| Military Defense Counsel: | LT David Kupper, JAGC, USN |
| Civilian Defense Counsel: | Mr. Tory Langemo, Esq. |
| Civilian Defense Counsel: | Mr. Keith Scherer, Esq. |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| Appellate Government Counsel: | LCDR Vasilios Tasikas, USCG |

## BEFORE
## McCLELLAND, HAVRANEK & DUIGNAN
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of sodomy, in violation of Article 125, Uniform Code of Military Justice (UCMJ); three specifications of assault consummated by battery, in violation of Article 128, UCMJ; and one specification of wrongfully providing a minor with alcoholic beverages, such conduct being prejudicial to good order and discipline in the armed forces, in violation of Article 134, UCMJ. The military judge sentenced Appellant to confinement for fifteen months, reduction to E-1, forfeiture of all pay and allowances, and a dishonorable discharge.  The Convening Authority approved the sentence.  The pretrial agreement did not affect the sentence.

Before this court, Appellant has specified the following issues:

I.  Appellant's conviction under Article 125, UCMJ, for consensual sodomy should be dismissed because the military judge failed to discuss the corresponding liberty interest during the providence inquiry.

II.  Appellant's sentencing should be reassessed by the court of criminal appeals because the Coast Guard Court of Criminal Appeals is capable of deciding a fair sentence.

We set aside the finding of guilty of Article 125, UCMJ because of a failure of providence. We affirm the remaining findings and re-assess the sentence.

## Facts

The following facts are drawn from Prosecution Exhibit 1, a stipulation of fact. Appellant and female Seaman (E-3) BR were stationed together at a Coast Guard boat station. On 5 April 2010, Seaman BR, who was twenty years old, and another shipmate spent the evening at the home of Appellant and his wife, playing a drinking game involving the drinking of alcohol provided by Appellant and his wife, and then watching TV. Around 2300, everyone went to bed; Seaman BR went to bed in the guest bedroom. In the middle of the night, Appellant entered the guest bedroom. He found that Seaman BR was asleep. In succession, he penetrated her vagina with his finger, caressed her breast, and placed his erect penis in her hand with his hand around her hand. These three acts were the bases of three specifications of assault and battery to which he pleaded guilty. Then he inserted his penis between her lips, but was unable to go beyond her clenched teeth. This final act was the basis of Additional Charge II and its specification under Article 125, UCMJ.

## Discussion

Appellant asserts that his guilty plea to sodomy was improvident in that the military judge did not discuss with Appellant the difference between criminal conduct and constitutionally protected conduct, citing *United States v. Hartman*, 69 M.J. 467 (C.A.A.F. 2011).

"The fundamental requirement of plea inquiry under *Care* involves a dialogue in which the military judge poses questions about the nature of the offense and the accused provides answers that describe his personal understanding of the criminality of his or her conduct." *Id.* at 469. In order for a plea to sodomy without the element of force[1] to be provident, an accused must acknowledge an understanding of the elements of the offense, the criminality of his conduct, and why his conduct was not constitutionally protected sexual conduct. *Id.*

Here, Appellant received an explanation on the record of the elements of sodomy and relevant definitions, as set forth in the Manual for Courts-Martial, United States (2008 ed.), Pt. IV, ¶ 51b. However, there was no explanation by the military judge, much less an acknowledgment by Appellant, of "the critical distinction between permissible and prohibited behavior," as is required by *Hartman*, 69 M.J. at 468.

*Lawrence v. Texas*, 539 U.S. 558 (2003), establishes a constitutionally protected liberty interest in private, consensual sexual activity between adults, as *United States v. Marcum*, 60 M.J. 198 (C.A.A.F. 2004), recognizes. The Government argues that *Hartman* requires that the providence inquiry "establish a factual predicate objectively supporting a finding that the military member's conduct is outside the constitutional liberty interest" with reference to consenting adults, but that it is not applicable to non-consensual sodomy. (Answer and Brief at 6.) We take this to be an argument that when the established facts do not implicate the stated liberty interest, neither *Lawrence* nor *Marcum* is implicated, and *Hartman* does not apply. However, this argument misconceives the nature of the providence inquiry. The providence inquiry must establish a factual predicate for the offense, as a matter of ensuring that an accused really is guilty. *See* Rule for Courts-Martial (R.C.M.) 910(e), Manual for Courts-Martial (MCM), United States (2008 ed.);[2] Article 45, UCMJ. Also, more significant to the present case, the accused must believe and admit every element of the offense. *United States v. Whiteside*, 59 M.J. 903, 906 (C.G.Ct.Crim.App. 2004) (citing R.C.M. 910(e) Discussion); *see United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F. 2003) (citing R.C.M. 910(e) Discussion). This requires

---

[1] *Hartman* is a case of consensual sodomy. It seems unlikely that its holding extends to cases of forcible sodomy.
[2] The rule is unchanged in the 2012 edition of the MCM.

that he understand the elements, and, where relevant, any constitutional principles impinging on the offense. *See O'Connor*, 58 MJ. at 455.

It may be that in a plea of guilty to forcible sodomy, *Hartman* does not apply and a providence inquiry need not include a colloquy concerning constitutional principles. This is not a case of forcible sodomy, and we are not convinced that *Hartman* does not apply. It is true that the stipulated facts tend to preclude consent,[3] but "without consent" was not a part of the specification at issue and was not discussed with Appellant during the providence inquiry on this specification.

The military judge did not explain to or discuss with Appellant why his conduct fell outside the bounds of the constitutionally protected liberty interest, and Appellant did not acknowledge that his conduct was outside the bounds of the constitutionally protected liberty interest. Accordingly, we hold Appellant's guilty plea to sodomy was improvident, and we set aside the conviction.

We are certain that without the sodomy conviction, the sentence would have been no less than confinement for twelve months, reduction to E-1, forfeiture of all pay and allowances, and a bad-conduct discharge.

**Second charge sheet**

We note a significant anomaly in the charge sheet. It consists of the usual DD form 458 with "see attached sheet" in the block for the charges and specifications, followed by "Supplemental Page 1 of 1," showing Charge I with three specifications, Charge II with one specification, and Charge III with one specification; and "Supplemental Page 2 of 2," showing Additional Charge I with three specifications, and Additional Charge II with one specification.

One might think that Page 1 of 1 followed by Page 2 of 2 could be the result of a bit of carelessness. However, "Additional Charge" suggests that there was a second charge sheet. This is confirmed by looking at the report of the Article 32 investigation, which includes a DD

---

[3] The stipulation states that "he knew that she was asleep and an unwilling participant."

form 458 accompanied only by Supplemental Page 1 of 1 and discussion of only its content.  Yet a DD form 458 for the Additional Charges is nowhere to be found.

In the trial transcript, there is some material concerning "re-referral" of the additional charges (R. at 3), and referencing the pretrial agreement which contains some unusual terms concerning a "major change to the charge sheet" (Appellate Ex. II at 7).  Trial counsel speaks of the charge sheet in the singular (R. at 13, 17), although the military judge speaks of the charge sheet in the plural (R. at 12, 16, 17).

In short, apparently there is no DD form 458 for Supplemental Page 2 of 2.[4]  This means the Additional Charges were not preferred (sworn), were not referred to trial in the usual manner, and were not served on Appellant at least five days before trial.  These irregularities are not fatal.  The swearing of charges can be waived. *United States v. Wilkins*, 29 M.J. 421, 424 (C.M.A. 1990).  As the parties recognized, the pretrial agreement constitutes referral.  *Id.*; *United States v. Ballan*, 71 M.J. 428, 432 (2012).  The defense waived the five-day waiting period on the record. (R. at 3.)  Also, the pretrial agreement waived a new Article 32 investigation on the additional charges.

Too, Additional Charges I and II are lesser included offenses of the original Charges I and II respectively.  In form, they were new charges, but in substance, it can be said that neither preferral nor referral nor service was lacking.

Nevertheless, we urge practitioners who go to the trouble to create new, "additional" charges, rather than amending existing charges, to finish the task by completing a DD form 458 rather than relying on shortcuts.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings on Additional Charge II and its sole specification are set aside and the Charge and

---

[4] Supplemental Page 2 of 2 bears no signature, no initials, no date, and no markings other than the typed texts, in the usual form, of the Additional Charges and their specifications.

Specification are dismissed. The remaining findings of guilty are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, those findings of guilty are affirmed. Only so much of the sentence is affirmed as does not exceed confinement for twelve months, reduction to E-1, forfeiture of all pay and allowances, and a bad-conduct discharge.

Judge HAVRANEK concurs.


DUIGNAN, Judge (concurring in part and dissenting in part):

I agree with the majority that we must set aside the conviction for consensual sodomy under *United States v. Hartman*, 69 M.J. 467 (C.A.A.F. 2011), and that this is an appropriate case for sentence reassessment under *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). But because I, unlike the majority, am not certain that Appellant would have received a sentence to confinement of at least twelve months, I respectfully dissent.

In light of our recently published opinion in *United States v. Medina*, No. 1325 (C.G.Ct.Crim.App. Nov. 7, 2012), a few preliminary words are in order concerning why this is an appropriate case for sentence reassessment at all. In *Medina*, the appellant likewise had his conviction for consensual sodomy set aside because the military judge did not discuss with the accused why his conduct fell outside of the sphere of private, constitutionally protected conduct. *Id.*, slip op. at 5. After we set aside the conviction for sodomy in *Medina*, that appellant was left with a single conviction for assault consummated by a battery. Under the facts of that case, we held that the absence of the sodomy conviction so changed the sentencing landscape as to make reassessment unreliable and therefore inappropriate. *Id*., slip op. at 6-7. The facts of this case are in many ways similar to those in *Medina.* In both cases the victim and accused had been drinking together in appellant's home; the victim decided to spend the night in an extra bedroom of appellant's home, and the victim was eventually sodomized by the appellant. The facts of this case, however, are distinguishable, and the differences support the decision to reassess the sentence.

**United States v. Justin R. WHITAKER, No. 1366 (C.G.Ct.Crim.App. 2012)**

The offense we set aside today is but one in a succession of acts. Unlike the facts of *Medina*, in which the act of sodomy formed a distinct and egregious portion of that appellant's conduct, the fundamental events in this case are left substantially undisturbed by removal of the sodomy charge. And while the course of conduct in this case is indeed somewhat less aggravated without the sodomy act, this difference does not, in my view, amount to a substantial change in the penalty landscape necessitating a new sentencing hearing — particularly in light of this appellant's request for sentencing reassessment.

I part company with the majority, however, over the question of the minimum sentence we can be certain would have been awarded absent the sodomy offense. While I believe the sentence arrived at by the majority is entirely appropriate, appropriateness is not the standard under *Sales*. As a judge appraising what the trial judge might have assessed as the minimum sentence, I am simply not convinced that the sentence awarded would have been necessarily that severe. I am confident, however, that the court would have awarded a sentence no less severe than nine months confinement, reduction to E-1, and a bad-conduct discharge. I therefore dissent from the majority's conclusion as to what sentence to approve.



For the Court,

Andrew R. Alder
Clerk of the Court