# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant GARY S. KING**
**United States Army, Appellant**

ARMY 20130808

Headquarters, I Corps
Stefan Wolfe, Military Judge (arraignment)
David L. Conn, Military Judge (motions & trial)
Colonel William R. Martin, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Ryan T. Yoder, JA (on brief); Colonel Jonathan F. Potter, JA; Major Christopher D. Coleman, JA; Captain Ryan T. Yoder, JA (reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major A.G. Courie III, JA; Major John K. Choike, JA; Captain Robyn M. Chatwood, JA (on brief).

31 July 2015

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of possessing digital images of child pornography, and two specifications of wrongfully possessing digital images of a sexual nature depicting a minor or minors (child erotica), in violation of Article 134 Uniform Code of Military Justice, 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for twelve months, and reduction to the grade of E-1. The convening authority reduced the sentence to confinement by four months, approving eight months of confinement, but otherwise approved the adjudged sentence. Appellant was credited with eight days of confinement credit against the sentence.

Appellant's case is before this court for review under Article 66, UCMJ. Appellate counsel assigned one error to this court, and appellant personally raised

matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). The assigned error warrants discussion and relief. The matters raised pursuant to *Grostefon* are without merit.

In his assigned error, appellant alleges the military judge abused his discretion in accepting a guilty plea to Specifications 3 and 4 of The Charge when the military judge failed to distinguish between constitutionally protected and prohibited conduct, and failed to resolve the inconsistencies in the providence inquiry.

"A military judge's acceptance of an accused's guilty plea is reviewed for an abuse of discretion. The test for an abuse of discretion is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013)(citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)).

While this is a close case, we agree with appellant's assertion that the military judge failed to adequately distinguish between constitutionally protected and prohibited conduct. "[W]here an Article 134 charge implicates constitutionally protected conduct, the heightened plea inquiry requirements of *Hartman* apply: the colloquy 'must contain an appropriate discussion and acknowledgement on the part of the accused of the critical distinction between permissible and prohibited behavior.'" *United States v. Moon*, 73 M.J. 382, 388 (C.A.A.F. 2014)(citing *United States v. Hartman,* 69 M.J. 467, 468 (C.A.A.F. 2011). "Without a proper explanation and understanding of the constitutional implications of the charge, [a]ppellant's admissions in his stipulation and during the colloquy regarding why he personally believed his conduct was service discrediting and prejudicial to good order and discipline do not satisfy *Hartman*." *Moon*, 73 M.J. at 389. Although the military judge discussed the difference between child pornography and child erotica with appellant, and gleaned from appellant the images in Specifications 3 and 4 were not sexually explicit and that he downloaded the images for his own sexual gratification, the military judge did not clearly articulate the critical distinction between permissible and prohibited behavior from the constitutional standpoint. Although the military judge did define "digital images of a sexual nature" used in Specifications 3 and 4 to include "any sexual image of a minor with no serious literary, artistic, political, or scientific or educational value," he did not clearly discuss the constitutional protections afforded by the First Amendment and how those constitutional protections could apply to the images in Specifications 3 and 4 of The Charge.

In light of the above, and our superior court's recent decision in *Moon* regarding child erotica, we set aside the findings of guilty for Specifications 3 and 4 of The Charge and dismiss those specifications.

KING—ARMY 201300808

Given the error noted above, and applying the factors in *United States v. Winckelmann*, we are confident, considering the remaining specifications, we can reassess appellant's sentence. 73 M.J. 11, 15-16 (C.A.A.F. 2013). Appellant remains convicted of two specifications of possession of child pornography in violation of Article 134 UCMJ. Specifications 3 and 4 carry a maximum period of confinement of four months each, while the maximum confinement in this case was twenty years and eight months. Thus, neither the penalty landscape nor the admissible aggravation evidence has significantly changed. *Id*.

Appellant also elected trial by judge alone, and we "are more likely to be certain of what a military judge would have done as opposed to members." *Wincklemann*, 73 M.J. at 16. Finally, this court reviews the records of a substantial number of courts-martial involving child pornography and we have extensive experience and familiarity with the level of sentences imposed for such offenses under various circumstances. *Id*. We are confident the military judge would have adjudged the same sentence absent the error noted. However, because the convening authority approved four months less confinement than the military judge adjudged, we affirm that lesser sentence. *See* UCMJ art. 66(c) ("[A] Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority").

**CONCLUSION**

The findings of guilty for Specifications 3 and 4 of The Charge are set aside and dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Winckelmann*, we affirm the approved sentence.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3