# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 40401**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Austin J. VAN VELSON**
Second Lieutenant (O-1), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 July 2024

———————————

*Military Judge*: Thomas A. Smith.

*Sentence*: Sentence adjudged 3 October 2022 by GCM convened at Laughlin Air Force Base, Texas. Sentence entered by military judge on 14 December 2022: Dismissal and confinement for 24 months.

*For Appellant*: Major Alexandra K. Fleszar, USAF; Major Spencer R. Nelson, USAF.

*For Appellee*: Lieutenant Colonel J. Pete Ferrell, USAF; Major Olivia B. Hoff, USAF; Captain Kate E. Lee, USAF; Mary Ellen Payne, Esquire.

Before RICHARDSON, MASON, and KEARLEY, *Appellate Military Judges*.

Judge MASON delivered the opinion of the court, in which Senior Judge RICHARDSON and Judge KEARLEY joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

MASON, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas, of one specification of possession of child

pornography and one specification of communication of indecent language, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] Appellant was sentenced to a dismissal and confinement for 24 months. Appellant requested relief from the convening authority as to "any portion [of his] sentence" as he deemed appropriate. The convening authority considered Appellant's request as a request for deferment and waiver of automatic forfeitures and denied the request, ultimately taking no action on the findings or sentence. Subsequently, the military judge ordered correction of the convening authority's decision on action, specifically, that the convening authority consider Appellant's request for relief also as a request for deferment of Appellant's sentence to confinement. The convening authority considered the request as directed and again took no action on the findings or sentence.

Appellant challenges the providency of his guilty plea to the indecent language specification, arguing that (1) the military judge failed to conduct a heightened plea inquiry regarding Appellant's First Amendment[2] rights; (2) the military judge failed to ensure that in this case, there was a direct and palpable connection between Appellant's speech and the military mission or military environment; and (3) the plea inquiry did not establish the terminal element of the specification.

Additionally, Appellant alleges error in that the Government cannot prove that 18 U.S.C. § 922 is constitutional because it cannot demonstrate that here, where Appellant was not convicted of a violent offense, the statute is consistent with the nation's historical tradition of firearm regulation. We have carefully considered this issue. As we recognized in *United States v. Vanzant*, __ M.J. __, No. ACM 22004, 2024 CCA LEXIS 215, at *22–25 (A.F. Ct. Crim. App. 28 May 2024), and *United States v. Lepore*, 81 M.J. 759 (A.F. Ct. Crim. App. 2021) (en banc), this court lacks authority to provide the requested relief regarding the 18 U.S.C. § 922 prohibition notation on the staff judge advocate's indorsement to the entry of judgment or Statement of Trial Results.

As to the providency of his plea, we find no error that materially prejudiced Appellant's substantial rights, and we affirm the findings and sentence.

## I. BACKGROUND

Appellant entered active duty in February 2021. Shortly after, he arrived at Laughlin Air Force Base, Texas (Laughlin), for training. Within days of his arrival, Appellant began downloading child pornography on his phone and

---

[1] Unless otherwise noted, all references in this opinion to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] U.S. CONST. amend. I.

laptop computer. The images depicted actual minors aged 10 years or younger engaged in various sexual acts with adults.

Approximately four months after his arrival at Laughlin, Appellant engaged in a chat on an Internet chat website. Appellant pretended to be a single female with minor children. He began chatting with another person on the site who portrayed themselves as an adult male with minor children. Unbeknownst to Appellant, the person with whom he was chatting was a civilian law enforcement detective. Following their conversation on the website, Appellant exchanged text messages directly with the detective. Appellant described their conversations as "concerning participating in sexual activities with minor children." Specifically, Appellant and the detective discussed adults having sex with minor children.

At some point after these chat and text conversations with the detective, Appellant's digital media was seized and analyzed. Evidence of Appellant's knowing possession of child pornography was recovered. At trial, the Government presented seven images of child pornography that were specifically charged in this case.

Appellant pleaded guilty to the possession of child pornography and the communication of indecent language specifications. Before accepting Appellant's pleas of guilty, the military judge did not conduct a "heightened inquiry" that discussed the communications in the context of free speech protections.[3] While discussing the communication of indecent language specification, Appellant agreed that the contents of the conversations with the detective were "grossly offensive" and would "shock the moral sense of the community because [they were] vulgar, filthy, and disgusting." Appellant also agreed that they violated community standards "[b]ecause sex with children is both illegal and immoral." He stated, "What I was talking about would reasonably tend to corrupt morals and incite offensive sexual thoughts."

The indecent language specification alleged that the communication of indecent language was conduct of a nature to bring discredit upon the armed forces. On this point, Appellant stated,

> My conduct was of a nature to bring discredit upon the armed forces because [the detective], who was a civilian, found out that I was an Air Force officer; that I engaged in an offensive sexual discussion of this nature. That harmed the reputation of the Air Force and lower[ed] it in public esteem because officers are supposed to set the example in behavior and conduct. And this

---

[3] However, as discussed *infra*, the military judge's inquiry was nonetheless complete because Appellant's speech was not protected.

> civilian was seeing that I, as an Air Force officer, did not behave in that expected manner; but, instead I behaved in a way that was very offensive. That looked terrible for the Air Force and the military. I had no legal justification or excuse for engaging in this offensive sexual discussion.

The military judge inquired further into this area. In response, Appellant repeated that he believed that the communications were conduct of a nature to bring discredit upon the armed forces because the detective was a civilian, and given Appellant's conduct, that might lower the detective's opinion of the Air Force.

Upon completion of his questions, the military judge asked the parties if they believed further inquiry was necessary. Trial counsel stated, "No, Your Honor." Trial defense counsel stated, "No, Sir."

## II. DISCUSSION

### A. Law

A military judge's decision to accept a guilty plea is reviewed for abuse of discretion, and questions of law arising from the guilty plea are reviewed de novo. *United States v. Kim*, 83 M.J. 235, 238 (C.A.A.F. 2023) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)).

"We give the military judge broad discretion in the decision to accept a guilty plea because the facts are undeveloped in such cases." *Id.* To provide relief, the pertinent question is whether "the record as a whole show[s] a substantial basis in law and fact for questioning the guilty plea." *Id.* (citing *Inabinette*, 66 M.J. at 322 (quoting *United States v. Prater*, 32 M.J. 433, 436 (C.A.A.F. 1991))).

"When a charge against a servicemember may implicate both criminal and constitutionally protected conduct, the distinction between what is permitted and what is prohibited constitutes a matter of critical significance." *Id.* (quoting *United States v. Hartman*, 69 M.J. 467, 468 (C.A.A.F. 2011)). Under those circumstances, a military judge must conduct a "heightened" inquiry, explaining the distinction between constitutionally protected behavior and criminal conduct and ensuring the accused understands the differences. *See United States v. Moon*, 73 M.J. 382, 388 (C.A.A.F. 2014) ("Without a proper explanation and understanding of the constitutional implications of the charge, [a]ppellant's admissions in his stipulation and during the colloquy . . . do not satisfy *Hartman*.").

The First Amendment to the United States Constitution states, "Congress shall make no law . . . abridging the freedom of speech." U.S. CONST. amend. I.

The United States Supreme Court has recognized that while servicemembers are not excluded from First Amendment protection,

> the different character of the military community and of the military mission requires a different application of those protections. The fundamental necessity for obedience, and the consequent necessity for imposition of discipline, may render permissible with the military that which would be constitutionally impermissible outside of it.

*Parker v. Levy*, 417 U.S. 733, 758 (1974).

"It is well-settled law that obscenity is not speech protected by the First Amendment, regardless of the military or civilian status of the 'speaker.'" *United States v. Meakin*, 78 M.J. 396, 401 (C.A.A.F. 2019) (citing *United States v. Williams*, 553 U.S. 285, 288 (2008)).

Our superior court "has long held that 'indecent' is synonymous with obscene." *Id.* (citing *United States v. Moore*, 38 M.J. 490, 492 (C.A.A.F. 1994)).

"[R]epugnant sexual fantasies involving children" that appeal "to the prurient interest" and are transmitted from a home computer to an anonymous third party online are not protected speech. *Id.* at 401–02 (citation omitted).

If the Government attempts to use the second clause of Article 134, UCMJ, to punish "speech that would be impervious to criminal sanction in the civilian world," the Government must prove a "direct and palpable connection between the speech and the military mission or military environment." *United States v. Grijalva*, No. 21-0215, __ M.J. __, 2024 CAAF LEXIS 358, *7 (C.A.A.F. 26 Jun. 2024) (alteration omitted) (quoting *United States v. Wilcox*, 66 M.J. 442, 447–48 (C.A.A.F. 2008)).

### B. Analysis

The military judge in this case did not conduct a heightened inquiry addressing the distinction between constitutionally protected speech and the alleged criminal conduct. Appellant alleges that this was error in light of *Kim*. We disagree.

Immediately following his explanation of the elements and definitions relevant to the communication of indecent language specification, the military judge asked Appellant why he believed he was guilty of this offense. Appellant's description of his conduct—"grossly offensive," "vulgar, filthy, and disgusting" speech involving adults having sex with minor children—made abundantly clear that his speech was not protected speech. Rather, the speech involved indecency, which is synonymous with obscenity. Analogous to *Meakin*, the speech was communicated outside the home, through the Internet, and to an anonymous third party. 78 M.J. at 401–02. This was no "constitutional gray

area." *Kim*, 83 M.J. at 239. As the misconduct did not involve protected speech, a "heightened" inquiry was not required in this case.

Appellant next alleges that in light of *Wilcox*, the guilty plea was improvident because a "direct and palpable connection between [Appellant's] speech and the military mission or military environment" was not established. 66 M.J. at 448. However, the requirement for this matter to be resolved is not triggered in every case where an accused utters words, be it orally, written, or typed online. Instead, the issue arises only when the Government attempts to use the second clause of Article 134, UCMJ, to punish speech that would be "impervious to criminal sanction in the civilian world." *Id.* at 447. "In some cases, the question of whether the First Amendment would or would not protect speech in a civilian context is not complicated." *Grijalva*, 2024 CAAF LEXIS 358, at *12. As indecent language, synonymous with obscenity, is not protected speech for either civilians or servicemembers, this matter was not at issue. Thus, the military judge was not required to ensure a direct and palpable connection between Appellant's speech and the military mission or military environment was established prior to acceptance of Appellant's guilty plea.

Finally, Appellant alleges that his guilty plea to the communication of indecent language specification is unconstitutional, legally insufficient, or improvident with regards to the terminal element alleged. We disagree. First, it is well-settled that Clause 2 of Article 134, UCMJ, is constitutional. *Parker*, 417 U.S. at 758. Next, "[b]ecause [Appellant] pleaded guilty, the issue must be analyzed in terms of providence of his plea, not sufficiency of the evidence." *United States v. Faircloth*, 45 M.J. 172, 174 (C.A.A.F. 1996). Lastly, Appellant's plea is provident with regards to the terminal element. In his sworn statements to the military judge, Appellant conveyed that he was an Air Force officer engaging in, by his own admission, indecent conduct, and that conduct was uncovered by a civilian. Appellant stated, "And this civilian was seeing that I, as an Air Force officer, did not behave in that expected manner; but, instead I behaved in a way that was very offensive. That looked terrible for the Air Force and the military." The military judge did not abuse his discretion in finding Appellant's explanation adequate to meet this element of the offense.

Reviewing the inquiry as a whole, there is not a substantial basis to question Appellant's guilty pleas. The military judge did not abuse his discretion in accepting the pleas.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d).

Accordingly, the findings and sentence are **AFFIRMED**.



FOR THE COURT

CAROL K. JOYCE
Clerk of the Court