# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 40614**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Keegan L. LOVELL**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 May 2025

————————————

*Military Judge*: Adam D. Bentz.

*Sentence*: Sentence adjudged 13 March 2024 by GCM convened at Travis Air Force Base, California. Sentence entered by military judge on 23 April 2024: Dishonorable discharge, confinement for 30 months, reduction to E-1, and a reprimand.

*For Appellant*: Lieutenant Colonel Luke D. Wilson, USAF.

*For Appellee*: Lieutenant Colonel Thomas J. Alford, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major Jocelyn Q. Wright, USAF; Captain Heather R. Bezold, USAF; Mary Ellen Payne, Esquire.

Before ANNEXSTAD, DOUGLAS, and PERCLE, *Appellate Military Judges*.

Senior Judge ANNEXSTAD delivered the opinion of the court, in which Judge DOUGLAS and Judge PERCLE joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

ANNEXSTAD, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of one specification of wrongfully possessing child pornography, one specification of wrongfully viewing child pornography on divers occasions, and one specification of wrongfully receiving child pornography on divers occasions, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, and one specification of wrongfully soliciting another to distribute child pornography on divers occasions, in violation of Article 82, UCMJ, 10 U.S.C. § 882.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for 30 months, reduction to E-1, and a reprimand. The convening authority took no action on the findings or the sentence.

Appellant raises three issues on appeal which we have rephrased: (1) whether Appellant's pleas to wrongfully possessing and viewing child pornography were improvident, (2) whether Appellant's plea to wrongfully soliciting another to distribute child pornography was improvident, and (3) whether 18 U.S.C. § 922 is unconstitutional as applied to Appellant.

We have carefully considered issue (2) and find it does not require discussion or relief. *See United States v. Guinn*, 81 M.J. 195, 204 (C.A.A.F. 2021) (citing *United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987)); s*ee also United States v. Heppermann*, 82 M.J. 794, 800–01 (A.F. Ct. Crim. App. 2022) (citations omitted) (holding that the offense of solicitation under Article 82, UCMJ, does not require the person being solicited to be subject to the UCMJ), *rev denied*, 82 M.J. 103 (C.A.A.F. 2023).

We have also carefully considered issue (3) and find that it does not require discussion or relief. *See United States v. Vanzant*, 84 M.J. 671, 681 (A.F. Ct. Crim. App. 2024) (holding the 18 U.S.C. § 922 firearm prohibition notation included in the staff judge advocate's indorsement to the entry of judgment is beyond a Court of Criminal Appeals' statutory authority to review), *rev. granted*, __ M.J. __, No. 24-0182/AF, 2024 CAAF LEXIS 640 (C.A.A.F. 17 Oct. 2024).

As to the remaining issue, we find no error materially prejudicial to Appellant's substantial rights, and we affirm the findings and sentence.

---

[1] Unless otherwise noted, all references to the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

## I. BACKGROUND

Appellant was charged with three specifications (Specifications 1, 2, and 3 of Charge I) alleging that he wrongfully possessed, viewed, and received child pornography in violation of Article 134, UCMJ, and one specification (the Specification of Charge II) alleging that he wrongfully solicited another to distribute child pornography in violation of Article 82, UCMJ.

Prior to trial, with the assistance of counsel, Appellant entered into a plea agreement with the convening authority, wherein Appellant agreed to plead guilty to all the charges and specifications in exchange for limitations on his sentence. Appellant also agreed, as part of the plea agreement, to enter into a reasonable stipulation of fact concerning the facts and circumstances surrounding the charged offenses. The stipulation of fact consists of eight pages of agreed upon facts, and two attachments which include: (1) the laboratory report from the Department of Defense Cyber Crime Center (DC3), and (2) a computer disk containing six videos and 19 photos that were found on Appellant's online drive.[2] Appellant expressly agreed that the stipulation of fact and its two attachments were admissible for all purposes during his court-martial.

In the stipulation of fact, Appellant expressly agreed that in October 2022 the Office of Special Investigations (OSI) received a tip from the National Center for Missing and Exploited Children (NCMEC) indicating Appellant was suspected of uploading over 80 files of suspected child pornography to an online drive associated with Appellant. The online drive was connected to Appellant by his name, phone number, and email address. Later that month, OSI special agents conducted a subject interview with Appellant.

The stipulation also provides that after waiving his Article 31, UCMJ, 10 U.S.C. § 831, rights, Appellant told the agents that while he was searching the Internet in an attempt to fix his virtual reality headset, he came across a website that displayed images of naked children as art. After viewing the photos, he became more curious about the images of naked children and continued to visit the website to look at the images. Appellant then explained that he learned he could "click" on the images on the website and go directly to the profile of the individuals who uploaded the photos. Appellant stated that he contacted about 30 different individuals and requested more photos. Appellant admitted that he received responses from approximately seven individuals who sent him links to more "graphic" photos than the website would allow to be posted. On multiple occasions, Appellant downloaded the images to his computer and other devices, viewed them, and then deleted them.

---

[2] The six videos and 19 photos in the second attachment all depict minors engaged in sexually explicit conduct.

Appellant also agreed that after deleting these files, he would get "curious" again and go back to the website to obtain more images. Appellant kept some of the images and videos in an online drive so he could access them from multiple devices.

After Appellant's interview with OSI, and pursuant to a valid search warrant, OSI agents seized multiple devices from Appellant. Subsequently, those devices were sent to the DC3 for analysis. The analysis detailed that Appellant had five different devices all containing child pornography. In Appellant's signed stipulation of fact, Appellant expressly agreed these five devices contained hundreds of files—photos and videos—of suspected child pornography. Some of the files reviewed during the analysis were positively identified as child pornography based on NCMEC matches. Additionally, in the stipulation, Appellant agreed 25 specific files—six videos and 19 photos—were in fact child pornography, in that they all contain "sexually explicit conduct that depict children under the age of 18 years old engaging in sexual intercourse, masturbation, or lascivious exhibition of the genitals or pubic area." Appellant also agreed to the description of what was depicted on each individual file, all of which included a minor engaged in sexually explicit conduct.[3]

Finally, Appellant confirmed that he solicited online users to distribute to him images and videos of minors, or what appear to be minors, engaged in sexually explicit conduct.

## II. DISCUSSION

Appellant contends that his guilty plea to wrongfully possessing and viewing child pornography was not provident. Specifically, Appellant argues *inter alia* that his conduct was constitutionally protected and there was no "heightened inquiry" into this protected conduct prior to the acceptance of his guilty plea. As explained below, we disagree.

### A. Additional Background

The military judge began the guilty plea inquiry by explaining the elements of the offenses including all relevant definitions to Appellant. Specifically, as to the definition of what constitutes child pornography, the military judge stated:

> Child pornography means material that contains a visual depiction of an actual minor engaging in sexually explicit conduct. Child pornography also means material that contains

---

[3] We find it unnecessary to describe the graphic content of the files in further detail because we have reviewed them and find they in fact depict child pornography.

an obscene visual depiction of a minor engaging in sexually explicit conduct. Such a depiction need not involve an actual minor, but instead only what appears to be a minor.

The military judge then defined "obscene," explaining:

Obscene means what an average person applying contemporary community standards would find that the visual images depicting minors engaging in sexually explicit conduct, when taken as a whole, appeal to the prurient interest in sex and portray sexual conduct in a patently offensive way, and that a reasonable person would not find serious literary, artistic, political, or scientific value in the visual images depicting minors engaging in sexually explicit conduct.

The military judge correctly instructed Appellant a "[m]inor and child mean any person under the age of 18 years." After providing additional definitions for "sexually explicit conduct," "lascivious," "possession," "divers," and "wrongful," the military judge told Appellant he "may not be convicted of possessing, viewing, or receiving child pornography if [he] did not know the images were of minors or would appear to be minors engaging in sexually explicit conduct." Finally, Appellant was informed "[i]t is not required that [he] knew the actual age of the persons in the child pornography, but [he] must have known or believed the persons to be minors." The military judge then confirmed Appellant understood the elements and definitions, did not have any questions about any of them, and understood that his guilty plea admitted that the elements and definitions taken together accurately describe his conduct.

Appellant described in his own words why he was guilty of the offenses of possessing, viewing and receiving child pornography.[4] His explanation was consistent with what he agreed to in the stipulation of fact. During the inquiry Appellant stated he "knowingly and wrongfully possessed, received, and viewed child pornography. [He] had no legal justification for [his] actions. The images that [he] viewed were minors or what appeared to me minors." The military judge asked if the visual depictions that Appellant described were child pornography as defined by him. Appellant responded, "Yes, Your Honor."

Later, during the inquiry, the following exchange took place:

[Military Judge (MJ)]: I want to go back again to your stipulation of fact in paragraph eight, it says that you possessed, received, and viewed hundreds of files of child pornography. When you're

---

[4] Regarding Charge I and its three specifications, Appellant confirmed during the plea colloquy that the answers he gave relating to Specification 1 applied to Specification 2, and he does not challenge his plea of guilty to Specification 3.

admitting and stipulating that are you using the definition of child pornography as I just read it to you a little bit ago?

[Appellant]: Yes, Your Honor.

MJ: Okay. You're charged with possessing digital images and videos of minors or what appear to be minors engaged in sexually explicit conduct. Do you know or have any reason to believe that the visual depictions you possessed contained actual minors?

[Defense Counsel]: Your Honor, may we have a moment?

MJ: You may absolutely.

[Appellant]: Your Honor, I had no way of actually knowing, but they did depict minors or what seemed to be minors.

MJ: Can you describe for me what it is that you saw that made you believe that they at least depicted minors?

[Appellant]: Your Honor, smaller than an adult, no pubic hair.

MJ: Your stipulation of fact specifically lists out 25 media files. Do you believe that those 25 files qualify as child pornography?

[Appellant]: Yes, Your Honor.

MJ: Do you agree and believe that those 25 files contain sexually explicit conduct as I defined it?

[Appellant]: Yes, Your Honor.

MJ: Do you agree that those 25 files depict children under the age of eighteen?

[Appellant]: Yes, Your Honor.

**B. Law**

We review a military judge's decision to accept an accused's guilty plea for an abuse of discretion. *United States v. Riley*, 72 M.J. 115, 119 (C.A.A.F. 2013) (citing *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008)). "An abuse of discretion occurs when there is 'something in the record of trial, with regard to the factual basis or the law, that would raise a substantial question regarding the appellant's guilty plea.'" *Id*. (quoting *Inabinette*, 66 M.J. at 322).

"The military judge must ensure there is a basis in law and fact to support the plea to the offense charged." *United States v. Soto*, 69 M.J. 304, 307 (C.A.A.F. 2011) (citing *Inabinette*, 66 M.J. at 321–22) (additional citation omitted). The military judge may consider both the stipulation of fact and the inquiry with the appellant when determining if the guilty plea is provident.

*United States v. Hines*, 73 M.J. 119, 124 (C.A.A.F. 2014) (citation omitted). "A plea is provident so long as [the a]ppellant was 'convinced of, and [was] able to describe, all of the facts necessary to establish [his] guilt.'" *United States v. Murphy*, 74 M.J. 302, 308 (C.A.A.F. 2015) (second and third alterations in original) (quoting *United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F. 2003)). "This court must find 'a substantial conflict between the plea and the accused's statements or other evidence' in order to set aside a guilty plea. The 'mere possibility' of a conflict is not sufficient." *United States v. Watson*, 71 M.J. 54, 58 (C.A.A.F. 2012) (quoting *United States v. Garcia*, 44 M.J. 496, 498 (C.A.A.F. 1996)).

"When a charge against a servicemember may implicate both criminal and constitutionally protected conduct, the distinction between what is permitted and what is prohibited constitutes a matter of critical significance." *United States v. Hartman*, 69 M.J. 467, 468 (C.A.A.F. 2011) (internal quotation marks and citation omitted). "With respect to the requisite inquiry into the providence of a guilty plea . . . the colloquy between the military judge and an accused must contain an appropriate discussion and acknowledgment on the part of the accused of the critical distinction between permissible and prohibited behavior." *Id.* (citations omitted).

The elements of the offenses to which Appellant pleaded guilty are: (1) that Appellant knowingly and wrongfully possessed, received, or viewed child pornography; and (2) that under the circumstances the conduct of Appellant was of a nature to bring discredit upon the armed forces. *Manual for Courts-Martial, United States* (2019 ed.), pt. IV, ¶ 95.b.(1).

**C. Analysis**

We conclude that the military judge properly determined that there were adequate bases in law and fact to support Appellant's pleas to Specifications 1 and 2 of Charge I before accepting it. The record does not show a substantial basis to question the providence of the plea. Appellant was convinced of all facts necessary to establish he was guilty of wrongfully possessing and viewing child pornography, which he described in his own words during the guilty plea colloquy.

On appeal, Appellant now argues that his conduct was constitutionally protected and points out that there was no "heightened inquiry into this protected conduct prior to the acceptance of his guilty plea." He does not, however, provide any support for why or how his conduct was protected or why a "heightened inquiry" was required in Appellant's case. First, we have reviewed the 25 files referenced in the stipulation of fact and discussed during the plea colloquy and are satisfied that they depict child pornography and thus are not constitutionally protected. Appellant does not have a constitutional

right to possess or view child pornography. *See United States v. Williams*, 553 U.S. 285, 288 (2008) (citation omitted) ("We have long held that obscene speech—sexually explicit material that violates fundamental notions of decency—is not protected by the First Amendment."). Second, our review of the record finds that Appellant admitted in his stipulation of fact and told the military judge in no uncertain words that he sought out, received, possessed, and viewed child pornography, as defined by the military judge. At no point during his plea colloquy did Appellant indicate that the images were constitutionally protected, or in a "grey" zone, nor did he appear confused about the elements or definitions that were provided to him. Unlike the images he initially discovered displaying naked children as art, the 25 files found on his online device were clearly child pornography. We find the plea colloquy demonstrated that Appellant understood the elements and definitions and acknowledged the circumstances establishing the criminal nature of his conduct. Therefore, we conclude that Appellant has not met his burden of establishing that the military judge abused his discretion in accepting his pleas of guilty.

## III. CONCLUSION

As entered, the findings are correct in law. Article 66(d), UCMJ, 10 U.S.C. § 866(d) (*Manual for Courts-Martial, United States* (2024 ed.)). In addition, the sentence, as entered, is correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court